RECEIVED
USDC, CLERK, CHARLESTON, SC
2009 NOV 10 P 4: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Jonathan D. Simmons, #229882, ) C. A. No. 2:09-~~0653~~-TLW-RSC
aka Jonathan Dale Simmons and )       0858
Jonathan D. Simmons,           )
                               )
       Plaintiff,              )
                               )
    -versus-                   )  **REPORT AND RECOMMENDATION**
                               )
SCDC, John Vickers, Michael    )
Najjar, Warden McCall, Officer )
Smith, et al.,                 )
                               )
       Defendants.             )

This motion for a temporary restraining order ("TRO") is before the undersigned United States Magistrate Judge for a report and recommendation on the plaintiff's motion. 28 U.S.C. § 636(b) (2001).

On October 14, 2009, the plaintiff, Jonathan D. Simmons, moved for a TRO under Rule 65 of the Federal Rules of Civil Procedure "to ensure that plaintiff is not violently assaulted or denied law books and legal materials." (Decl. in Supp. of Pl's. TRO.) More specifically, the plaintiff seeks protection from Michael Najjar, an Administrative Specialist with South Carolina Department of Corrections. (Mem. of Facts in Supp. of Mot. for TRO 1-2.) The plaintiff alleges that Najjar has threatened him several times saying that he was "going to set [the plaintiff] up to get killed, stabbed and he is going to food poison" the plaintiff. (Id. at 1.)

Here, the plaintiff noticed the defendants of his motion in October of 2009, and opposing counsel filed a response to the motion on November 3, 2009. In their response, the defendants opposed the motion for injunctive relief arguing the plaintiff failed to give specific instances and allegations as to what law books and materials had been denied. (Resp. to Pl's. Mot. to Produc. Protect and Produc. And Mot. for TRO 3.) The defendant further argues that Najjar is not an officer nor is he assigned to the plaintiff's dorm, and the plaintiff does not have to leave his cell when Najjar is present. (Id. 3-4) In addition, the defendant asserts that the plaintiff "was the aggressor and the only force used on the [p]laintiff was that which was necessary to hold him until additional officers arrived and could restrain him." (Id.) Finally, the defendant contends that the plaintiff has failed to sufficiently prove that a TRO is appropriate because there is no threat posed by Najjar's brief presence in plaintiff's dorm twice per day. (Id. at 4.) Accordingly, it is recommended that the motion be denied.

Preliminary injunctions are remedies that are only granted sparingly and in limited circumstances. MicroStrategy Inc. v. Motorola, Inc., 245 F.3d 335, 341 (4th Cir. 2001). There are four requirements for the court to consider in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will

likely suffer irreparable harm if the court denies his request. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 376 (2008)). Such irreparable injury must be actual and immediate. Direx Israel Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991); see also, id at 375-376 (stating that an injunction will not be issued if the injury is merely "possible" or is too remote). Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." Direx Israel, 952 F.2d at 812; see also, Real Truth About Obama, 575 F.3d at 346. Third, the plaintiff must show that he is "likely [to] succeed on the merits at trial." Real Truth About Obama, 575 F.3d at 346 (citing Winter, 129 S. Ct. at 374, 376). Fourth, "[i]n exercising their sound discretion, courts of equity should pay *particular regard* for the public consequences in employing the extraordinary remedy of injunction." Real Truth About Obama, 575 F.3d at 347 (emphasis in original) (quoting Winter, 129 S. Ct. at 376-77). The award of preliminary relief is entrusted to the sound discretion of the district court. Direx Israel, 952 F.2d at 811; see also, Multi-Channel Tv Cable Co. v. Charlottesville Quality Cable Operation Company, 22 F.3d 546, 551

(4th Cir. 1991). Each of the four requirements must be met for a TRO to issue. <u>Real Truth About Obama</u>, 575 F.3d at 347 (citing <u>Winter</u>, 129 S.Ct. at 374).

Irreparable harm is defined as "an injury for which a monetary award cannot be adequate compensation." <u>Jackson Dairy Inc. v. H. P. Hood & Sons, Inc.</u>, 596 F.2d 70, 72 (1979). "The key word in this consideration is irreparable. Mere injuries, however substantial, terms of money, time and energy necessarily expended in the absence of stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." <u>Sampson v. Murray</u>, 415 U.S. 61, 90 (1974) (quotation omitted).

Here, the plaintiff generally alleges that he will suffer irreparable injury if the TRO is denied. Further, the plaintiff generally asserts that the defendants will not suffer any real hardship by separating Najjar from the plaintiff for safety reasons because it is the defendant's "clearly established duty to protect plaintiff." (<u>Id.</u>) The plaintiff also states that separating Najjar and the plaintiff will resolve the issue concerning law books and legal materials. (<u>Id.</u>) Finally, the plaintiff generally alleges that he will succeed at trial and that the public interest is in his favor here because it "will

4

improve the quality of prison staff conduct and deter [them] from retaliating." (Id.)

The plaintiff's arguments fail here because he fails to allege any injury that is both immediate and irreparable. Although he states that Najjar has threatened to have him killed, stabbed, and poisoned, the only evidence is the plaintiff need not come out of his cell when Najjar is nearby twice a day and the plaintiff has failed to show that any potential injury is immediate. The plaintiff merely states that Najjar has assaulted him before and "there is nothing to stop Najjar from doing it again." (Mem. of Facts in Supp. of Mot. for TRO 2). Even if true this does not establish the existence of immediate and irreparable harm.

Furthermore, although the plaintiff alleges he has been denied access to law books and legal materials, he has shown how such injury is irreparable. The plaintiff's conclusory argument that he will suffer irreparable injury is insufficient to meet the requirements of Rule 65. Thus, because the plaintiff has not made a clear showing of likely irreparable harm, the hardship's balancing test and the public interest consideration are irrelevant.

Accordingly, it is recommended that the motion be denied.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

November 10, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).