IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Johnathan D. Simmons, ) | |
| ) | Civil Action No.: 1:09-cv-653-TLW-SVH |
| Plaintiff, ) | Civil Action No.: 1:09-cv-858-TLW-SVH |
| vs. ) | |
| ) | |
| South Carolina Department of ) | |
| Corrections, John Vickers, Michael ) | |
| Najjar, Warden McCall, and Officer ) | |
| Smith, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

# ORDER

The plaintiff, Johnathan D. Simmons ("plaintiff"), brought these actions, pro se, pursuant to 42 U.S.C. § 1983. The first action (No.: 1:09-cv-653-TLW-SVH) was filed in federal court on March 16, 2009. (Doc. # 1). The second action (No.: 1:09-cv-858-TLW-SVH) was filed in state court on March 12, 2009. (Doc. # 1). The defendants removed the second action to federal court on April 2, 2009. (Doc. # 1). In an Order dated July 29, 2009, United States Magistrate Judge Robert S. Carr consolidated these two cases because the complaints allege the same facts and causes of action and seek the same relief. (No.: 1:09-cv-653-TLW-SVH, Doc. # 28; No.: 1:09-cv-858-TLW-SVH, Doc. # 25).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that the defendants' motions for summary judgment (No.: 1:09-cv-653-TLW-SVH, Doc. # 102; No.: 1:09-cv-858-TLW-SVH, Doc. # 91) be granted with respect to the plaintiff's claims under 42 U.S.C. § 1983.

(No.: 1:09-cv-653-TLW-SVH, Doc. # 114; No.: 1:09-cv-858-TLW-SVH, Doc. # 100). The Magistrate Judge also recommends that pursuant to 28 U.S.C. § 1367(c), the Court decline to exercise supplemental jurisdiction over any remaining state law claims asserted by the plaintiff. (No.: 1:09-cv-653-TLW-SVH, Doc. # 114; No.: 1:09-cv-858-TLW-SVH, Doc. # 100). In addition, the Magistrate Judge recommends that the plaintiff's motions to amend the complaints (No.: 1:09-cv-653-TLW-SVH, Docs 75, 83; No.: 1:09-cv-858-TLW-SVH, Docs. 64, 71) be denied. In Civil Action No. 1:09-cv-653-TLW-SVH, subsequent to the filing of the Report, the plaintiff filed an affidavit (Doc. # 116) and three letters (Docs. 117, 120, 122). In Civil Action No. 1:09-cv-858-TLW-SVH, subsequent to the filing of the Report, the plaintiff filed a letter captioned "Motion for Relief & Medical Care." (Doc. # 104). To the extent possible, this Court construes these documents as objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court

**ACCEPTS** the Report. (No.: 1:09-cv-653-TLW-SVH, Doc. # 114; No.: 1:09-cv-858-TLW-SVH, Doc. # 100). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motions for summary judgment (No.: 1:09-cv-653-TLW-SVH, Doc. # 102; No.: 1:09-cv-858-TLW-SVH, Doc. # 91) are **GRANTED** with respect to the plaintiff's claims under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over any remaining state law claims. Additionally, the plaintiff's motions to amend (No.: 1:09-cv-653-TLW-SVH, Docs 75, 83; No.: 1:09-cv-858-TLW-SVH, Docs. 64, 71) are **DENIED**. In light of this ruling, all other pending motions in these two cases are hereby deemed **MOOT**.

    **IT IS SO ORDERED**.

                                                                s/Terry L. Wooten  
                                                    United States District Judge

March 11, 2011  
Florence, South Carolina